# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOUGLAS DENDINGER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-4168** |
| **COVIDIEN LP, ET AL.** | **SECTION "L" (5)** |

## ORDER AND REASONS

Before the Court is a motion to dismiss for failure to state a claim filed by Defendants C.R. Bard, Inc. and Davol, Inc. R. Doc. 5. Plaintiff opposes. R. Doc. 22. Having considered the parties' briefs and the applicable law, the Court now issues this Order and Reasons.

## I. BACKGROUND

Plaintiff Douglas Dendinger ("Dendinger") brings this products liability action to recover damages for injuries allegedly caused by products used in his three hernia repair surgeries. Dendinger alleges that his first two hernia repair surgeries – in 2009 and 2014 – involved products manufactured by Defendant W.L. Gore & Associates, Inc. His third hernia repair surgery, he claims, involved a mesh product manufactured by Defendants Covidien LP and Medtronic, Inc. that was secured by a product manufactured by Defendants C.R. Bard, Inc. and Davol, Inc. (collectively, "Bard"). Dendinger has allegedly experienced pain and discomfort at his hernia sites, and brings six causes of action against the manufacturers: construction and/or composition defect; design defect; inadequate warning; breach of express warranty; negligence; and redhibition.

Bard now moves to dismiss Dendinger's complaint for failure to state a claim, arguing that (1) his negligence claims are precluded by the Louisiana Products Liability Act, and (2) his products liability claims fail to meet the plausibility standard. R. Doc. 5. In response, Dendinger

1

agrees that his negligence claim should be dismissed, and requests leave to amend his products liability claims. R. Doc. 22.

## II. LAW AND ANALYSIS

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The district court must construe facts in the light most favorable to the nonmoving party and must accept as true all factual allegations contained in the complaint. *Iqbal*, 556 U.S. at 678. A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

### a. Negligence

The Louisiana Products Liability Act ("LPLA") provides the "exclusive remedy for products liability suits" under Louisiana law, and Dendinger agrees that his negligence claim is precluded by the LPLA. *Demahy v. Schwartz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). Accordingly, this claim is dismissed with prejudice.

### b. Construction or Composition Defect

Under the LPLA, "[a] product is unreasonably dangerous in construction or composition if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer." La. R.S. 9:2800.55. A plaintiff "must show not only what a manufacturer's specifications or performance standards are for a particular product, but how the product in question materially deviated from those standards so as to render it unreasonably dangerous." *Lyles v.Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 311 (5th Cir. 2013).

Dendinger fails to direct this claim towards one or more of the specific products at issue in this case. He recites the elements of a construction defect cause of action, but his complaint is devoid of any factual allegations as to how the products were unreasonably dangerous in construction or composition. Absent factual allegations addressing how the unidentified products deviated from normal production standards or caused his injury, Dendinger fails to meet the plausibility standard.

   c. **Design Defect**

To state a claim for a design defect, a plaintiff must plead that "'[t]here existed an alternative design for the product that was capable of preventing the claimant's damage' and that the danger of the damage outweighed the burden on the manufacturer of adopting the alternative design." *Jacobsen v. Wyeth, LLC*, No. 10-823, 2012 WL 3575293, at *6 (E.D. La. Aug. 20, 2012). The LPLA "does not allow a fact finder to presume an unreasonably dangerous design solely from the fact that injury occurred." *McCarthy v. Danek Medical, Inc.*, 65 F. Supp. 2d 410, 412 (E.D. La. 1999). Dendinger merely recites the elements of a defective design claim, without alleging any specific facts as to how the products were defective, how those defects caused his injury, or any

alternative design that existed at the time of his surgery. *See Henderson v. Dasa*, No. 13-8, 2014 WL 1365968, at *2 (E.D. La. Apr. 7, 2014) (dismissing design defect claim because complaint was "virtually devoid of any factual allegations regarding the alleged defect or alternative design."). Accordingly, Dendinger's design defect claim fails to satisfy federal pleading standards.

### d. Inadequate Warning

"To maintain a failure-to-warn claim, a plaintiff must demonstrate that 'the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.'" *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 261 (5th Cir. 2002). Louisiana follows the "learned intermediary" doctrine, and a manufacturer "discharges its duty to consumers by reasonably informing prescribing physicians of the dangers of harm" from the device. *Id.* at 265. Accordingly, "the manufacturer has no duty to warn the patient, but need only warn the patient's physician." *Willett v. Baxtern Int'l, Inc.*, 929 F.2d 1094, 1098 (5th Cir. 1991).

To that end, a plaintiff must plead "(1) that the defendant failed to warn the physician of a risk associated with the use of the product, not otherwise known to the physician, and (2) that the failure to warn the physician was both a cause in fact and the proximate cause of plaintiff's injury." *Id.* at 1098-99. The plaintiff must allege that "a proper warning would have changed the decision of the treating physician, *i.e.*, that but for the inadequate warning, the treating physician would not have used or prescribed the product." *Id.* at 1099.

Dendinger's inadequate warning claim is also deficient. He fails to mention any specific risks that were not disclosed to his physician, and does not allege that a specific failure to warn caused his injuries. *See Hargrove v. Boston Sci. Corp.*, No. 13-3539, 2014 WL 4794763, at *11 (E.D. La. Sept. 24, 2014).

4

### e. Breach of Express Warranty

To establish a breach of express warranty claim under the LPLA, a plaintiff must show that (1) there was an express warranty made by the manufacturer about the product; (2) the express warranty induced the plaintiff to use the product; and (3) the plaintiff's damage was proximately caused because the express warranty was untrue. La. R.S. 9:2800.58.

Dendinger's breach of warranty claim is nothing more than a "threadbare recital[] of the elements of [the] cause of action, supported by conclusory statements." *Iqbal*, 556 U.S. at 678. He fails to identify the contents of any warranty or identify how that warranty induced him to use the product. *See Flournoy v. Johnson & Johnson*, No. 15-5000, 2016 WL 6474142, at *3 (E.D. La. Nov. 2, 2016) (plaintiff's breach of warranty claim dismissed for failing to sufficiently "identify the contents of any warranty"); *see also Doe v. AstraZeneca Pharm., LP*, No. 15-438, 2015 WL 4661814, at *4 (E.D. La. Aug. 5, 2015) (plaintiff's allegation that defendant represented to the market that its product was "safe" and "effective" did not satisfy pleading standard). Without these factual allegations, Dendinger fails to plead a plausible breach of express warranty claim.

### f. Redhibition

The LPLA preserves redhibition claims "only to the extent the claimant seeks to recover the value of the product or other economic loss." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 251 (5th Cir. 2012). A plaintiff suing in redhibition must prove that "(1) the thing sold is absolutely useless for its intended purposes[,] or that its use is so inconvenient that it must be supposed that he would not have bought it had he known of the defect; [and] (2) that the defect existed at the time he purchased the thing, but was neither known [n]or apparent to him." *Alston v. Fleetwood Motor Homes of Ind.*, 480 F.3d 695, 699 (5th Cir. 2007). As with his LPLA claims, Dendinger

fails to sufficiently allege how defendants' products were defective. *Guidry v. Janssen Pharm., Inc.*, No. 15-4591, 2016 WL 633673, at *5 (E.D. La. Feb. 17, 2016).

## III. CONCLUSION

For these reasons, Defendants' Motion to Dismiss, R. Doc. 5, is **GRANTED**. Plaintiff's negligence claim is hereby **DISMISSED WITH PREJUDICE**. However, with regard to Plaintiff's Louisiana Products Liability Act claims, Plaintiff is given thirty (30) days to file an amended complaint to remedy the deficiencies identified in this Order.

New Orleans, Louisiana, this 17th day of September, 2018.

_____
UNITED STATES DISTRICT COURT JUDGE